Filed for Record
8/16/2019 4:43 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
104274-CV
Cathy Richard, Deputy

CAUSE NO. 104274-CV _____

| | | |
|---|---|---|
| **PEARLAND CAPITAL GROUP, LP,** § § | | **IN THE DISTRICT COURT** |
| Plaintiff, § § | | |
| VS. § § | | **BRAZORIA COUNTY, TEXAS** |
| **ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,** § § § § | | _____ **JUDICIAL DISTRICT** |
| Defendant. | | |

### PLAINTIFF'S ORIGINAL PETITION AND RULE 194 REQUEST FOR DISCLOSURE

COMES NOW, PEARLAND CAPITAL GROUP, LP ("PCG" or "Plaintiff") in the above-styled matter and files this, Original Petition and Rule 194 Request for Disclosure complaining of Defendant, Zurich American Insurance Company of Illinois ("Zurich" or "Defendant"), for cause of action shows the Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct Level 2 discovery under Texas Rules of Civil Procedure 190.3 and requests this Court to enter a Docket Control Order.

### PARTIES

2. Plaintiff Pearland Capital Group, LP is a corporation based in the state of Texas, Brazoria County and is domiciled at 12101 Shadow Creek Parkway, Pearland, Texas 77584.

3. Zurich American Insurance Company of Illinois is a foreign corporation doing business and registered to do business in the state of Texas and can be served with

**EXHIBIT 2**

process through its registered agent at Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## VENUE AND JURISDICTION

4. The subject matter in controversy is within the jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

5. Venue in Brazoria County is proper because the cause of action alleged herein arose in Brazoria County and the property subject of this suit is situated in that county.

## FACTUAL BACKGROUND

6. This claim arises from Zurich's wrongful denial of Plaintiff's electrical surge claims. PCG submitted electrical surge claims in 2010, 2011, 2012 and again in 2015. Zurich acknowledged coverage for each of those claims and paid $6,749.29, $28,010.50, $17,543.71 and $64,452.34, respectively. Those claims included payments by Zurich for damaged PTAC and HVAC units as well as other damaged electrical components such as lighting, signage and other items affected by power surges.

7. When PCG submitted a similar claim in September 2017, Zurich denied it without any reasonable explanation. Zurich's investigation revealed no distinction between Plaintiff's 2017 claim and those that came before it. In fact, there is no distinction and the claim denied by Zurich is it as covered under PCG's policy as the previous claims.

2

## CAUSES OF ACTION

### *Breach of Contract*

8.  Zurich's conduct constitutes a breach of its insurance policy it sold to Plaintiff. This breach has caused damages to Plaintiff greater than the minimal jurisdictional limits of this Court.

### *Good Faith and Fair Dealing*

9.  Zurich has violated its duty of good faith and fair dealing owed to Plaintiff by, among other things, failing to conduct a reasonable investigation and failing to pay Plaintiff's claims once its liability for those claims became reasonably clear. Plaintiff has incurred damages as a result of Defendant's breach of its duty of good faith and fair dealing that are greater than the minimal jurisdictional limits of this Court.

10. Furthermore, because Defendant maliciously violated its duty of good faith and fair dealing, Plaintiff is entitled to punitive damages in the amount that would deter others similarly situated from repeating such bad faith facts.

### *Texas Insurance Code 541.060 and 541.061*

11. Defendant violated numerous provisions of the Texas Insurance Code section 541.060. Defendant's violation of this provision has caused damages to Plaintiff that is greater than the minimal jurisdictional limit of this Court. Plaintiff is entitled to relief in accordance with section 541.152(a) of the Texas Insurance Code.

12. Plaintiff is also entitled to additional damages pursuant to section 541.152(b) because Defendant violated that statute knowingly.

3

### *Deceptive Trade Practices Act*

13. Defendant's conduct also violates the Deceptive Trade Practices Act. Defendant's violations of the DTPA include, but are not limited to, committing unconscionable acts and making false representations. Plaintiff has suffered damages as a result of Defendant's violations of the DTPA that are greater than the minimal jurisdictional limit of this Court.

14. Furthermore, Plaintiff is entitled to additional damages under the DTPA because Defendant violated that statute knowingly, as well.

### *Insurance Code 542.051 et seq.*

15. Zurich also failed to comply with Article 542.051 et seq. of the Texas Insurance Code, which regulates the time for paying Plaintiff's claims. As such, Plaintiff is entitled to an additional 18% per annum interest on the unpaid policy proceeds.

### **ATTORNEYS FEES**

16. Plaintiff has been required to obtain counsel in order to collect its policy claim against Defendant. As such, Plaintiff has incurred and will continue to incur reasonable and necessary attorney's fees in prosecuting this matter. Zurich is liable for Plaintiff's reasonable and necessary attorney's fees pursuant to Chapter 38 of the Civil Practice and Remedies Code, and Defendant is liable for attorney's fees under sections 541.060 and 542.051 *et seq.* of the Texas Insurance Code, and Chapter 17 of the Business and Commercial Code. Plaintiff has presented its claim to Zurich in compliance with Chapter 38 of the Civil Practice and Remedies Code.

## CONDITIONS PRECEDENT

17.   All conditions precedent have been performed by Plaintiff or have otherwise been satisfied.

## REQUEST FOR DISCLOSURE

18.   Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose within 50 days of service of this request, the information and/or materials described in Rule 194.2.

## DEMAND FOR JURY TRIAL

19.   Plaintiff hereby demands a trial by jury.

## REQUEST FOR RELIEF

20.   For these reasons, Plaintiff respectfully requests that Defendant be cited to appear, and answer and that Plaintiff have judgment against Defendant for the following:

    A.   Actual and consequential damages;

    B.   Punitive and additional damages;

    C.   Damages for mental anguish;

    D.   Reasonable and necessary attorney's fees;

    E.   18% statutory interest;

    F.   Pre-judgment and Post-judgment interest as allowed by law;

    G.   Costs of court; and

    H.   All other relief in law and equity to which Plaintiff may be entitled.

**THE FAUBUS FIRM**

By:   */s/ Dax O. Faubus*
     Dax O. Faubus
     State Bar No. 24010019
     Ada I. Ferrer
     State Bar No. 24068198
     1001 Texas Avenue, 11th Floor
     Houston, Texas 77002
     Telephone: (713) 222-6400
     Facsimile: (713) 222-7240
     dax-notice@faubusfirm.com
     ada@faubusfirm.com

***Attorneys for Plaintiffs***